# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY JOHNSON, JR., | : | Civil No. 1:21-CV-0017 |
| Petitioner, | : | |
| v. | : | |
| ERIC BRADLEY, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by self-represented inmate Anthony Johnson seeking an order compelling the Bureau of Prisons ("BOP") to place him in a residential reentry center ("RRC") for the maximum time permissible for the remainder of his sentence in accordance with the Second Chance Act of 2007, Pub. L. No. 110–199, 122 Stat. 657 (2008). (Doc. 1.) For the reasons that follow, the petition will be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner Anthony Johnson, Jr., ("Petitioner" or "Johnson") is a federal inmate currently incarcerated at the Canaan United States Penitentiary in Waymart, Pennsylvania. On July 14, 2010, Johnson was sentenced to a term of imprisonment of 120 months' imprisonment by the United States District Court for the Western District of Pennsylvania for two counts of possession with intent to

distribute 5 or more grams of cocaine base (crack) and possessing a firearm in furtherance of a drug trafficking crime. *See United States v. Johnson*, Crim. No. 2:08-285, 2021 WL 268887, at *1 (W.D. Pa. Jan. 27, 2021) (denying Petitioner's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) finding *inter alia* that Johnson would pose a significant danger to the community if released). Additionally, he was sentenced to a term of 5 years' supervised release on each count, to be served concurrently. (*Id.*) At some point, Petitioner was released on supervision. On July 16, 2018, following a hearing, Johnson's supervised release was revoked, and the Western District of Pennsylvania court imposed a concurrent sentence of 50 months' imprisonment, followed by a new term of supervised release of 5 years. (*Id.*) Johnson's current projected release date is November 14, 2021.[1] (Doc. 7-1, p. 6.)[2]

On July 1, 2020, Petitioner's Unit Team individually considered him for RRC placement in accordance with the Second Chance Act utilizing the five factor criteria set forth in 18 U.S.C. § 3621(b) and BOP Program Statement 7310.04. (Doc. 7-1, p. 10.) After reviewing and considering facility resources, offense conduct, prisoner, court statement and "sentencing commission," the Unit Team did not recommend Johnson for RRC placement because "[i]n 2017 while in a

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited Jun. 28, 2021).

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Residential Reentry Center, inmate Johnson was sanctioned for prohibited act, code 102/Escape, whereas he was arrested for new criminal conduct and failed to return to placement." (*Id*., pp. 10–18.)

Petitioner challenges his Unit Team's determination to deny him RRC release based on his prior history of escape from supervised release. (Doc. 1.) He argues the BOP violated his due process rights by not providing him with a complete RRC review based on his individual needs. Specifically, he charges that the BOP failed to consider that his serious back and neck disorder will require intensive rehabilitation prior to him returning to gainful employment. (Doc. 1, pp. 7–8.) He states he is not a sex offender, does not have outstanding detainers or charges, and does not pose a significant threat to the community and therefore should be permitted placement in an RRC. (*Id*., p. 8.) By way of remedy, Petitioner seeks an order requiring the BOP to reassess and reconsider its RRC placement decision, or an order requiring the BOP to immediately transfer him to an RRC placement for the remainder of his sentence. (*Id*.)

Respondent argues the court lacks jurisdiction to review the BOP's individualized determination regarding Petitioner's RRC placement. Alternatively, the Respondent argues that the BOP did not abuse its discretion when it properly reviewed Johnson's case on an individualized basis and followed 18 U.S.C. § 3621(b) in deciding not to recommend his placement in RRC. (Doc. 7.)

## JURISDICTION

Johnson challenges the BOP's denial of his pre-release placement in a residential reentry center pursuant to 28 U.S.C. § 2241. Section 2241 is the proper vehicle for a federal inmate to challenge "the fact or length of confinement" or the "execution" of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (holding "[c]arrying out a sentence through detention in a [RRC] is very different from carrying out a sentence in an ordinary penal institution," the petition "crosse[d] the line beyond a challenge to, for example, a garden variety transfer," and was properly brought pursuant to § 2241) Accordingly, Johnson's petition is properly before the court under 28 U.S.C. § 2241.

## STANDARD OF REVIEW

The BOP has discretion to grant or refuse the placement of an inmate in community confinement. However, the exercise of that discretion must be based on the factors set forth in 18 U.S.C. § 3624(c). *Woodall*, 432 F.3d at 249. The court's review of a RRC placement decision is limited to whether the BOP abused that discretion. *See Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012) (citing *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1991).)

## DISCUSSION

It is well-established that prisoners do not have a constitutional right to be housed in the institution of their choice. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *McKune v. Lile*, 636 U.S. 24, 39 (2002). Once judicially committed to the custody of the BOP, the Attorney General, acting through the BOP, is responsible for calculating the duration and location of service of an offender's sentence. *See* 18 U.S.C. § 3621(a), (b); 18 U.S.C. § 3624(c); *see also United States v. Delacruz*, NO. 17-77, 2020 WL 3405723, at *4 (M.D. Pa. Jun. 19, 2020) ("[T]he Court is without authority to control the BOP's placement of Defendant–the Court can neither directly assign Defendant to home confinement nor direct the BOP to do so.").

The Second Chance Act of 2007 permits eligible inmates the opportunity to serve some or all of the final twelve months of their sentence in a community correctional facility, also known as a halfway house, or RCC. *See* 18 U.S.C. § 3614(c)(1). The maximum allowable placement in an RRC is 12 months. *Id.* The 12-month period is a statutory maximum and it is not mandatory that prisoners receive 12-months of pre-release placement. *See* 18 U.S.C. § 3624(c); *Woodall*, 432 F.3d at 251 (stating that fact that "the BOP may assign a prisoner to [an RRC placement] does not mean that it must").

When evaluating an individual for pre-release custody, and the appropriate length of such a placement, the BOP is required to consider the inmate "on an individual basis" an "in a manner consistent with [18 U.S.C. § 3621(b)]," which sets forth five factors to be considered. *See* 18 U.S.C. § 3624(c)(6). The five factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence – (a) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b); *Vasquez*, 684 F.3d at 434.

Here, Johnson does not argue that the BOP did not consider him for RRC placement. Rather, he argues the BOP did not "properly" consider his placement in a manner "that would afford [him] a reasonable opportunity to adjust and prepare for reentry back into community." (Doc. 1, p. 6.) He cites the BOP's refusal to refer him for RRC placement based on his previous 2017 pre-release failure, i.e. escape or absconding from supervision, inappropriate. He also asserts the BOP did not consider his serious spine and cervical condition that will impact his ability to transition back into society without intensive rehabilitation, allegedly only available to him outside of prison. (*Id*., pp. 7-8.)

6

While Johnson argues that he does "not pose a significant threat to community," *id.*, p. 8, the BOP and Johnson's sentencing court disagree. *See United States v. Johnson*, Crim. No. 08-285, 2020 WL 2042340, at *3 (W.D. Pa. April 27, 2020) (denial of reduction of sentence under the First Step Act based in part on finding that "Johnson poses a danger to the community if released."), denying reconsideration, 2020 WL 2475661 (W.D. Pa. May 13, 2020); *see also United States v. Johnson*, Crim. No. 2:08-285, 2021 WL 268887 (W.D. Pa. Jan. 27, 2021) (denying motion for compassionate release pursuant to 18 U.S.C. § 3582(c) based on Johnson's back and neck injuries). However, it is not this court's place to determine whether Johnson does or does not pose a significant threat to the community if granted any measure of prerelease RRC placement. The court's role is limited to whether the BOP exceeded its legal authority, acted in an unconstitutional manner, or failed to follow statutory or regulatory authority when considering him for RRC placement pursuant to 18 U.S.C. § 3621(b). *See Vasquez*, 684 F.3d at 434.

A review of the exhibits provided by the Respondent demonstrates that Johnson received an individualized assessment for RRC placement using the factors enumerated at 18 U.S.C. § 3621. Johnson's Individualized Need Plan took into consideration his offenses, prior prerelease failure, institutional education and programming participation, disciplinary history for the six months prior to his

7

review, mental health and medical status including medical limitations for job placement were considered by his Unit Team. (Doc. 7-1, pp. 3–18.) While Johnson is obviously disappointed with his Unit Team's determination, that fact alone does not prove an abuse of discretion. The bottom line here is that there is neither a factual nor legal basis to warrant relief from the BOP's discretionary determination not to recommend Johnson for RRC placement.

## CONCLUSION

There is no evidence that the BOP abused its discretion when Johnson's Unit Team individually considered him for RRC placement using the five criteria found in 18 U.S.C. § 3621(b). Accordingly, Johnson's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 will be denied.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 6, 2021